CHAVEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-109-CR

KIRK VINCENTE CHAVEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was convicted by a jury of aggravated assault causing serious bodily injury and sentenced to twenty years’ confinement and a $10,000 fine.  In an unpublished opinion, this court reversed the judgment and remanded the case to the trial court for a new trial.  
Chavez v. State
, No. 2-01-00345-CR (Tex. App.—Fort Worth Jan. 16, 2003, pet. ref'd) (not designated for publication).  On remand, appellant pled guilty pursuant to a plea bargain, and on November 19, 2003, the trial court sentenced him to eight years’ confinement in accordance with the plea bargain.  Appellant did not file a motion for new trial.  On March 10, 2004, he filed a notice of appeal.

On March 18, 2004, we sent appellant a letter explaining our concern that we lacked jurisdiction over his appeal and informing him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed on or before March 29, 2004 a response showing grounds for continuing the appeal. 
 See
 
Tex. R. App. P.
 44.3.  We received in response a “Motion to Give Reason for Out of Time Appeal or Nunc Pro Tunc Judgment” in which appellant contends that Texas Department of Criminal Justice, Institutional Division records show that he is serving both the twenty-year and eight-year sentences for the aggravated assault, rather than just the eight-year sentence that he plea-bargained for on remand.

Appellant’s response does not state grounds indicating that this court has jurisdiction over his appeal.  Appellant’s notice of appeal was due on or before December 19, 2003.  
See
 
Tex. R. App. P.
 26.2(a).  Because appellant did not timely file his notice of appeal, we do not have jurisdiction over this appeal. 
 
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)
; 
Olivo v. State,
 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).
  Accordingly, we dismiss the appeal for want of jurisdiction. 
 
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D: LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  May 27, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.